UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GLENN DOWNING,

    Plaintiff,                            Hon. Janet T. Neff

v.                                              Case No. 1:11 CV 372

THOMAS GREER, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (Dkt. #22). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted** and this matter **terminated**.

## BACKGROUND

Plaintiff initiated this action on April 12, 2011, asserting numerous claims against Thomas Greer, Michael Mercer, Rob Proehl, and Unknown Parties concerning matters which occurred during his incarceration at the Newaygo County Jail. (Dkt. #1). On August 23, 2011, the Honorable Janet T. Neff dismissed the majority of Plaintiff's claims. (Dkt. #9). Specifically, Judge Neff dismissed all of Plaintiff's claims save his: (1) Eighth Amendment claim that Defendant Greer was deliberately indifferent to his serious medical needs, and (2) First Amendment claim that Defendants Greer and Mercer instituted an unconstitutional mail policy. Defendants Greer and Mercer now move for summary judgment as to Plaintiff's remaining claims. Plaintiff has failed to respond to the present motion.

## **STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d

at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.      Eighth Amendment Claim**

With respect to his Eighth Amendment claim, Plaintiff alleges the following. Prior to being incarcerated in the Newaygo County Jail, Plaintiff underwent back surgery. After arriving at the Newaygo County Jail, Plaintiff was required to sleep in a "boat" located on the floor. Getting in to and out of his "boat," caused Plaintiff to experience "extreme pain." Plaintiff was subsequently moved to a bottom bunk which "made a huge difference regarding [his back] pain." Defendant Greer, however, subsequently had Plaintiff moved to a different cell where he was again forced to sleep on a "boat" on the floor. Plaintiff asserts that Defendant Greer's actions violated his Eighth Amendment right to be free from cruel and unusual punishment.

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The analysis by which Defendant Greer's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. With respect to the objective prong of the analysis, contemporary standards of decency determine whether conditions of confinement are cruel and unusual. *See Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004) (citing *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). Contemporary standards of decency are violated only by

"extreme deprivations" which deprive the prisoner of the "minimal civilized measure of life's necessities." *Hadix*, 367 F.3d at 525 (quoting *Hudson v. McMillan*, 503 U.S. 1, 9 (1992)).

If the objective test is met, the Court must then determine whether Defendant acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. In other words, was Defendant deliberately indifferent to Plaintiff's health or safety. *Id.* However, the Eighth Amendment is not implicated where prison officials simply acted with negligence. *See Perez v. Oakland County*, 466 F.3d 416, 423 (6th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). In sum, to establish that Defendant Greer acted with deliberate indifference, Plaintiff must "present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'" *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (quoting *Farmer*, 511 U.S. at 829, 847).

In support of his motion for summary judgment, Defendant Greer has submitted an affidavit in which he asserts the following. (Dkt. #23, Exhibit 2). Plaintiff arrived at the Newaygo County Jail on or about August 2, 2010. Because of "concerns with [Plaintiff's] reported back problems," Plaintiff was initially assigned to a cell with a bottom bunk. On or about October 8, 2010, Plaintiff "requested a move to another cell." Plaintiff's request was granted and he was moved to a cell that did not have a bottom bunk available. Plaintiff was instead provided with a "temporary bed, commonly referred to as a 'boat,' so he would not have to climb up and down from a top bunk." A "boat" is a "hard plastic, portable bed" that sits "roughly a foot off the ground." A boat is "approximately the same size as a regular jail bed" and will accommodate the same mattresses used on the regular jail beds. Plaintiff was provided with an extra mattress "because of his back problems."

Greer "was out of the office for approximately one week at the end of October through the beginning of November 2010." Upon returning to work on November 5, 2010, Greer received a handwritten note from Plaintiff, dated October 27, 2010, requesting a transfer to a cell with a bottom bunk. Defendant Greer immediately ordered that Plaintiff be transferred to a different cell with an available bottom bunk. Plaintiff remained in cells with available bottom bunks during the remainder of his incarceration at the Newaygo County Jail.

Plaintiff has neither responded to Defendant Greer's motion for summary judgment nor otherwise presented evidence in opposition to Defendant's motion. The unrefuted evidence submitted by Defendant Greer demonstrates that Plaintiff did not suffer any "extreme deprivation" which deprived him of the "minimal civilized measure of life's necessities." Moreover, even if such were the case, the evidence makes clear that Defendant Greer reasonably responded to Plaintiff's request to be placed in a cell with access to a bottom bunk. Accordingly, the undersigned recommends that Defendant Greer's motion for summary judgment be granted as to this claim.

**II.     First Amendment Claim**

With respect to his First Amendment claim, Plaintiff alleges the following. On May 6, 2011, Plaintiff received mail from the United States District Court that had already been opened. Plaintiff immediately submitted a grievance concerning the matter. The following day, Plaintiff spoke with Sergeant Clyde who informed Plaintiff that "their version of legal mail was attorney/client only" and that "mail from [a] court [was] not considered legal mail." Plaintiff has not asserted a claim against the unidentified officer that allegedly opened his legal mail. Instead, Plaintiff asserts this claim against Defendants Greer and Mercer alleging that the jail's policy, that mail from a court is not considered

legal mail, violates his First Amendment rights. Plaintiff has failed, however, to allege any facts against Defendants Greer and Mercer relative to this particular claim. Plaintiff has not alleged that Greer or Mercer drafted, instituted, or approved the jail's mail handling policy. Plaintiff has not alleged that either Defendant opened his legal mail, directed others to open his mail, or instituted or authorized any formal or informal policy to improperly process any prisoner's legal mail. Again, Plaintiff appears to simply be challenging the legality of what he perceives the jail's mail policy to be.

In his affidavit, Defendant Greer asserts the following concerning this claim. (Dkt. #23, Exhibit 2). The Newaygo County Jail Inmate Mail Policy (in effect since 2003) provides as follows:

> Properly identified incoming attorney or court mail for an inmate shall be opened only in the presence of the inmate and its confidentiality shall be maintained. An inmate shall be allowed to send unopened correspondence to public officials or counsel representing him, or her.

All corrections officers are provided a copy of this particular policy and are required to read and understand the policy. On or about May 6, 2011, Plaintiff filed a grievance alleging that mail he received from a federal court had been opened outside his presence. Greer learned of Plaintiff's grievance on or about May 9, 2011. In response, Greer instructed jail staff to review the jail's mail policy to ensure their understanding of how to process inmate's legal mail. Greer subsequently identified the officer that improperly opened Plaintiff's legal mail and "verbally reprimanded and counseled [her] for her mistake." From 2007, when Greer began serving as Assistant Jail Administrator, through October 12, 2012, the date on which Greer executed his affidavit, the only "written grievance or complaint" asserted regarding the jail's mail policy was Plaintiff's May 6, 2011 grievance.

Again, Plaintiff has neither responded to the present motion for summary judgment nor otherwise presented evidence in opposition to such. The unrefuted evidence submitted by Defendant Greer demonstrates that the jail's stated mail policy properly characterizes mail from a court as protected

legal mail.  Moreover, this evidence demonstrates that neither Defendants nor the jail have enacted, pursued, or condoned any policy or conduct which is inconsistent with this requirement.  Stated simply, the evidence reveals that the incident in question was an isolated incident in response to which Defendant Greer took immediate corrective action.  Accordingly, the undersigned recommends that Defendants Greer and Mercer are entitled to summary judgment as to this claim.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment, (dkt. #22), be **granted** and this matter **terminated**.  The undersigned further recommends that appeal of this matter would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  January 31, 2013        /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge